## No. 258
### W. & L. E. RY. CO. v. KOHN
Ohio Court of Appeals, Lucas County
No. 1138.   March 3, 1923

PERSONAL INJURY—(1) Failure of Ry. Co. to give notice of intention to move freight cars across street is negligence—(2) Presumption that persons crossing tracks use ordinary care may be overcome by circumstances of case—(3) Drawing inferences from facts matter for jury, not for court—(4) Defendant cannot question statements made in his own trial statement—(5) Expert witness may testify to effect of snow deadening sound—(6) Court of Appeals cannot consider weight of evidence in case previously reversed by that court.

WARDEN, J.:
Epitomized Opinion
Error to Lucas County Court of Common Pleas

The Ry. Co. placed a number of freight cars on a switch east of Woodford Avenue, Toledo, and while Kohn was crossing the switch the cars were set in motion, striking and injuring Kohn. Kohn alleged that the Company was in the habit of placing an employe at that point to warn passersby of its intention to move cars, but that on this occasion no employe was so placed nor was any other warning given. Kohn failed to prove that he listened for approaching cars before entering upon the tracks and the Company raises the question of contributory negligence. Verdict for Kohn in the lower court. Held by the Court of Appeals in affirming the judgment:

1. Failure of a Ry. Co. to warn a passerby of its intention to move cars across a public street, when it was the custom of the Company to so warn passersby, and that custom was known and relied upon by plaintiff, is negligence.

2. Failure of Kohn to testify that he listened for cars is a circumstance which the jury may take into consideration in determining whether or not the presumption that Kohn exercised care is overcome.

3. Drawing inference from fact is a matter for the jury and is not a function of the court.

4. When the trial statement of the defendant states the number of cars in the train the defendant cannot later be permitted to question that statement.

5. Admission of expert testimony as to the effect of snow upon the transmission of sound is not error.

6. The Court of Appeals cannot consider the weight of evidence in a case which has previously been reversed by the Court of Appeals on the weight of evidence.

Attorneys—C. A. Seiders, for the Railway; C. A. Thatcher, for Kohn.

## No. 259
### BRANGLE v. STATE
Ohio Court of Appeals, Cuyahoga County
No. 4415.   Feb. 25, 1923

ERROR—(1) Judgment of lower court affirmed.
PER CURIAM:
Epitomized Opinion
Error to Cuyahoga Court of Common Pleas

Brangle was convicted of burglary and larceny in common pleas court and seeks to have the judgment reversed on the ground of prejudicial error in that court. Held by the Court of Appeals:

1. The court believing that there is abundant evidence to support the verdict and not finding any prejudicial error, the judgment is affirmed.

Attorneys—H. P. Hartrath, for Brangle; E. C. Stanton, for State.

## No. 260
### SOGLOVITZ v. MORRIS PLAN BANK et al
Ohio Court of Appeals, Cuyahoga County
No. 4191.   Feb. 12, 1923

PROMISSORY NOTES—(1) Withdrawal of signature by an endorser—Notice required.
SULLIVAN, P. J.
Epitomized Opinion

This is an appeal from the Common Pleas Court of Cuyahoga county. The plaintiff and one Goldstein signed a note for $5,000 for one Rosen, made payable to the Morris Plan Bank. The note was executed for the purpose of floating a loan. Two days after signing the note, plaintiff departed for California. Although he expressed his desire to withdraw his signature during this time, nothing was done by him personally or any communication made to the bank to revoke the transaction. The plaintiff's son attempted to withdraw his father's name from the note without the knowledge of Rosen. While the bank knew that the plaintiff's son wanted to get his father's name off the note without the knowledge of Rosen, the bank was never notified to refuse a loan. When the note was presented to the bank the loan was granted. In an injunction suit brought by plaintiff, a decree was rendered for the bank. Upon appeal, the court affirmed the decree, holding:

1. As it appears from the record that neither plaintiff nor his son directly by person, letter or direct agency, communicated to the bank their purpose to withdraw the name from the note, or defeat the transaction, there was no withdrawal of the signature or a revocation of the transaction, and consequently the decree must be in favor of the bank.

Attorneys—Hamilton, for plaintiff; Bulkley, Hauxhurst, Jamison & Sharp, for defendant.

## No. 261
### DOWNS v. ANDRUS
Ohio Court of Appeals, Wood County
No. 284.   March 5, 1923

APPEAL—(1) Evidence in record justifies lower court's judgment.
RICHARDS, J.:
Epitomized Opinion
Appeal from the Wood County Court of Common Pleas

Downs and Andrus are brother and sister. Downs was in the U. S. Navy from 1907 to 1921, during which time he remitted at regular intervals to Andrus sums of money aggregating several thousand dollars. Andrus at this time had the burden of caring for the mother of the parties, and a portion of the money was used for that purpose. A considerable part of the money, however, was used in the purchase of a house and lot by Andrus in her own name. Downs brings action to secure title and to require an accounting for certain rents secured from said property. The question arises as to whether Andrus bought the property as the agent of Downs or for herself. Considerable evidence, among which was a notebook kept by Downs, was introduced to indicate the existence of the agency relationship. Held by Court of Appeals in affirming judgment for Downs:

1. There was sufficient evidence, without giving any weight to the entries in the notebook kept by Downs, which is of doubtful value as evidence, to establish Downs' claim.

Attorneys—B. F. James and Eldon H. Young, for Downs; Miller & Brady and J. A. Yager, for Andrus.

Opinions on this page have not been published elsewhere.